# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.       CASE NO. 22-40050-01/02-HLT-RES

**FATIMA JAGHOORI (01),**
**HABIBULLAH JAGHOORI (02),**

    **Defendants.**

## SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

**At all times material to this Indictment:**

### INTRODUCTION

1. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") is a federal agency that, among other things, regulates the transfer of firearms.

2. At all relevant times Godfrey's Indoor Shooting and Archery Ranges (hereafter "Godfrey's") located at 920 North Washington Street, Junction City, Kansas 66441, maintained a Federal Firearms License ("FFL") issued by the ATF to deal in firearms.

1

3. Jack & Dick's Jewelry & Loan (hereafter "Jack & Dick's") located at 1434 N Washington St., Junction City, Kansas 66641 maintained a Federal Firearms License ("FFL") issued by the ATF to deal in firearms.

4. The purchase or transfer of a firearm from an FFL required the purchaser or transferee to complete an ATF Form 4473 – Firearms Transaction Record.

5. Question 10 on ATF Form 4473 requires the Transferee and Buyer to report their "Current States of Residence and Address."

6. Question 21a on ATF From 4473 asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you….**" (emphasis in original).

## COUNT 1

**CONSPIRACY TO COMMIT AN OFFENSE AGAINST THE UNITED STATES**
**18 U.S.C. § 371**

7. Beginning on a date unknown to the Grand Jury, but in or before March 2021 and continuing to on or after March 22, 2021, in the District of Kansas, and elsewhere, the defendants,

**FATIMA JAGHOORI and**
**HABIBULLAH JAGHOORI,**

knowingly and intentionally combined, conspired, confederated, and agreed with each other to make a false statement during the purchase of a firearm in violation of Title 18, United States Code, Section 922(a)(6).

8. In violation of Title 18, United States Code, Section 371 with reference to Title 18, United States Code, Section 2.

## OBJECT OF THE CONSPIRACY

9. The object of the conspiracy was for the defendant, **Fatima Jaghoori**, to acquire one or more Glock pistols from Godfrey's for **Habibullah Jaghoori** by falsely representing that she, **Fatima Jaghoori**, was the actual transferee or buyer of the firearm.

## OVERT ACTS

10. On or before March 22, 2021, **Habibullah Jaghoori**, propositioned **Fatmia Jaghoori** to purchase firearms on his behalf.

11. On or about March 22, 2021, **Fatima Jaghoori** purchased two Glock pistols: a Glock, Model 22, .40 caliber pistol, bearing serial number BSLU565; and a Glock Model 26, nine-millimeter caliber pistol, bearing serial number ADRA601, from Godfrey's.

12. In acquiring the two Glock pistols, **Fatima Jaghoori**, completed and signed an ATF Form 4473 attesting and certifying that she was the actual transferee or buyer of the firearm.

13. **Fatima Jaghoori** provided the two Glock pistols to **Habibullah Jaghoori.**

14. **Habibullah Jaghoori** provided the funds needed to purchase the two Glock pistols.

## COUNT 2

### FALSE STATEMENT DURING THE ACQUISITION OF A FIREARM
### 18 U.S.C. § 922(a)(6)

15. Paragraphs 1-12 are incorporated by reference as if fully restated.

16. On or about March 22, 2021, in the District of Kansas, the defendant,

**FATIMA JAGHOORI,**

in connection with the acquisition of firearms, namely:

    a Glock, Model 22, .40 caliber pistol, bearing serial number BSLU565 and

    a Glock Model 26, nine-millimeter caliber pistol, bearing serial number ADRA601,

from Godfrey's, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Godfrey's, which statement was intended and likely to deceive Godfrey's, as to a fact material to the lawfulness of such sale and acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented she was the actual transferee and buyer of the firearm knowing the same to be false.

17.     In violation of Title 18, United States Code, Section 922(a)(6) with reference to Title 18, United States Code, Section 924(a)(2), and 2.

## COUNT 3

**FALSE STATEMENT DURING THE ACQUISITION OF A FIREARM**
**18 U.S.C. § 922(a)(6)**

18.     Paragraphs 1-12 are incorporated by reference as if fully restated.

19.     On or about March 10, 2021, in the District of Kansas, the defendant,

**HABIBULLAH JAGHOORI,**

in connection with the acquisition of firearms, namely:

    a Glock, Model 17 GEN3, nine-millimeter pistol bearing serial number BRCX396,

from Jack and Dick's, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to

Jack and Dick's, which statement was intended and likely to deceive Jack and Dick's, as to a fact material to the lawfulness of such sale and acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant: (1) represented he was the actual transferee and buyer of the firearm knowing the same to be false and (2) provided an address the defendant knew was contrary to the obligation to provide his "Current States of Residence and Address."

20.    In violation of Title 18, United States Code, Section 922(a)(6) with reference to Title 18, United States Code, Section 924(a)(2), and 2.

## FORFEITURE NOTICE

21.    The allegations contained in Counts 1-3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

22.    Upon conviction of the offenses set forth in Counts 1 of this Indictment, the defendants, **FATIMA JAGHOORI and HABIBULLAH JAGHOORI,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

   A.    a Glock, Model 22, .40 caliber pistol, bearing serial number BSLU565.

   B.    a Glock Model 26, nine-millimeter caliber pistol, bearing serial number ADRA601.

23. Upon conviction of one or more of the offenses set forth in Counts 3 of this Indictment, the defendant, **FATIMA JAGHOORI**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

   A. a Glock, Model 22, .40 caliber pistol, bearing serial number BSLU565.

   B. a Glock Model 26, nine-millimeter caliber pistol, bearing serial number ADRA601.

24. Upon conviction of one or more of the offenses set forth in Counts 3 of this Indictment, the defendant, **HABIBULLAH JAGHOORI**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

   A. a Glock, Model 17 GEN3, nine-millimeter pistol bearing serial number BRCX396.

25. All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

August 17, 2022              s/Foreperson
DATE                         FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Skipper S. Jacobs
Skipper S. Jacobs
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: skipper.jacobs@usdoj.gov
Ks. S. Ct. No. 26848

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# **PENALTIES**

## Count 1

- Punishable by a term of imprisonment of not more than five (5) years.  18 U.S.C. 371.

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 2-3

- Punishable by a term of imprisonment of not more than ten (10) years.  18 U.S.C. § 924(a)(2).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.